# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CR-0066 JCM (GWF) |
| Plaintiff, | Related Case 2:09-CV-1764 JCM |
| vs. | |
| MAURICE DONNELL COOPER, | Date:  N/A |
| | Time:  N/A |
| Defendant. | |

## ORDER

Presently before the court is defendant Maurice Donnell Cooper's (hereinafter "Cooper") motion to reconsider motion to vacate, set aside, or correct sentence. (Doc. # 76). Also before the court is defendant's motion for certificate of appealability. (Doc. # 77).

### BACKGROUND

On June 6, 2007, after a three day trial, a jury convicted defendant Cooper for one count of attempted bank robbery and three counts of bank robbery. (Doc. # 25). On September 28, 2007, this court sentenced defendant to 140 months imprisonment per count running concurrently, and 36 months supervised release per count, running concurrently. (Doc. ## 35, 39). On October 2, 2007, defendant filed a notice appealing his conviction to the Ninth Circuit Court of Appeals. (Doc. #37).

On August 22, 2008, the Ninth Circuit affirmed the district court. Although the mandate and memorandum were entered on the district court's docket on December 11, 2008, the Ninth Circuit noted that its judgment, dated August 22, 2008, took effect on September 15, 2008. (Doc. # 51).

**James C. Mahan**
**U.S. District Judge**

DISCUSSION

**I.      Motion to Reconsider**

Under Fed. R. Civ. P. 60(b), defendant Cooper requests that this court reconsider its dismissal of defendant's motion to vacate sentence (doc. #73) based on the expiration of the statute of limitations. Defendant asserts that his motion to vacate sentence was timely and not barred by the expiration of the statute of limitations.

Under Title 28, United States Code, § 2255, a prisoner "may move the court which imposed [his or her] sentence to vacate, set aside, or correct the sentence." Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") federal prisoners are required to bring an action under § 2255 within one year of the date their conviction becomes final. *See* 28 U.S.C. § 2255. Although § 2255 does not define final, the Supreme Court has held that a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapse or a petition for certiorari finally denied." *U.S. v. Schartz*, 274 F.3d 1220, 1223 (9th Cir. 2001)(quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987).

Here, defendant Cooper's judgment became final on December 15, 2008, ninety (90) days after the Ninth Circuit Court of Appeals' judgment affirmed his conviction.

Section 2255 has a 1-year statute of limitation from the latest of 1) the date the conviction becomes final (December 15, 2008); 2) the removal of any impediment to making the motion; 3) the date the right was recognized by the Supreme Court; or 4) the date the facts supporting the motion could have been discovered.

Here, in light of the discrepancy between date of entry on the district court docket and the date of entry in the appellate court's docket, this court finds that reconsideration of its order concerning the § 2255 motion appropriate. Defendant Cooper's judgment became final on December 15, 2008 and his motion was filed on September 3, 2009. Thus, defendant Cooper's motion to reconsider is granted as to his timely filed § 2255 motion and the court will consider the motion.

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

Section 2255 provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).   The court may deny a hearing if the allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *See id.*  Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *See United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## III. Procedural Default

The Supreme Court has applied "equitable limitations to narrow the broad sweep of federal habeas jurisdiction." *Reed v. Farley*, 512 U.S. 339, 356 (1994).  These limitations recognize that a § 2255 motion is not a substitute for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Dunham*, 767 F.2d 1395, 1396 (9th Cir.1985) (stating that "[s]ection 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal .").

Furthermore, the Ninth Circuit has held that § 2255 motions should not be used to:
relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction ... Or stated another way, grounds which were apparent when appellant appealed from his conviction, cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence.

Hammond v. United States, 408 F.2d 481, 483 (9th Cir.1969) (internal citations omitted).

The Supreme Court has stated that a defendant moving pursuant to § 2255 "procedurally

1  defaults his claims by not raising them on direct appeal and not showing cause and prejudice or
2  actual innocence in response to the default." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *See*
3  *also United States v. Ware*, 416 F.3d 1118, 1121 (9th Cir.2005).

4  Defendant Cooper timely appealed his conviction of one count attempted bank robber and
5  three counts of bank robbery in violation of 21 U.S.C. § 2113(a). In his petition for direct review
6  by the Ninth Circuit, defendant argued that the district court erred by allowing the use of DNA
7  evidence at trial where the government failed to comply with Federal Rule of Criminal Procedure
8  16, the joint discovery statement and local rules. The Ninth Circuit held that the district court did
9  not err because the DNA materials were disclosed as soon as they were received and the lateness of
10 the disclosure was not shown to prejudice the defendant and prevent him "from receiving his
11 constitutionally guaranteed fair trial." *U.S. v. Shelton*, 588 F.2d 1242, 1247 (9th Cir. 1978)(quoting
12 *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976)).

13 In the defendant's § 2255 motion, he raises twenty claims for relief including allegations of
14 prosecutorial misconduct, unlawful arrest, and evidentiary issues. However, none of these claims
15 were raised by the defendant in his direct appeal to the Ninth Circuit. Therefore, having had the
16 opportunity to raise these claims, defendant Cooper is not entitled to raise these claims in collateral
17 review without a showing of cause or prejudice. Collateral review "is an extraordinary remedy and
18 'will not be allowed to do service for an appeal.'" *Reed*, 512 U.S. at 354.

19 This court finds that defendant's claims for relief are procedurally barred, with the exception
20 of his claim for ineffective assistance of counsel.

21 **IV.   Ineffective Assistance of Counsel**

22 Procedural default does not apply to claims of ineffective assistance of counsel because such
23 claims are properly raised for the first time in a § 2255 motion. *See United States v. Pirro*, 104 F.3d
24 297, 299 (9th Cir.1997) ("The customary procedure for challenging the effectiveness of defense
25 counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255.").
26 The Sixth Amendment right to counsel guarantees both assistance and effectiveness of counsel. *See*
27 *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Supreme Court has held that in order to
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

prevail on an ineffective assistance of counsel claim a defendant must show: (1) that counsel's performance was deficient under an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant. *Id.*

"Deficient performance" in this context means unreasonable representation falling below professional norms prevailing at the time of trial. *Id*. at 688-89. To show "deficient performance," the petitioner must overcome a strong presumption that his lawyer "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Furthermore, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*.

The court must then "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Id*. The Supreme Court recognized that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689.

"A defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Here, defendant fails to make a credible claim of ineffective assistance of counsel. In his motion, defendant Cooper argues that his appointed counsel on appeal stipulated to facts that "amount to the 'functional equivalent' of a guilty plea." Specifically, defendant asserts that the following statement included in the appellant's opening brief, "Cooper concedes the evidence presented by the government at trial is substantial," is prejudicial and, effectively, a denial of effective counsel.

This court does not find that this statement in the appellant's opening brief is an admission of guilt, prejudicial, or a denial of effective counsel. Furthermore, this statement neither overcomes the strong presumption that his counsel's assistance was satisfactory, nor does it undermine the confidence in the outcome.

**James C. Mahan**
**U.S. District Judge**

1  Defendant also alleges that his appellate counsel failed to raised in his appeal the claims for
2  relief included in the present motion. In reviewing defendant's other claims, this court does not find
3  that any of the issues demonstrate "a reasonable probability that, but for counsel's unprofessional
4  errors, the resulting proceeding would have been different." *Strickland*, 366 U.S. at 694. Here, the
5  court finds that counsel raised what appears to be the most fruitful issues under the Sixth
6  Amendment. Further, the issues that defendant raises are not sufficient to undermine the confidence
7  in the outcome of the jury's decision.
8  Accordingly, defendant has not carried his burden under the ineffective assistance of counsel
9  two part test set out in *Strickland.*

10 **V.   Certificate of Appealability**

11  In order to appeal the present decision, a petitioner must make "a substantial showing of the
12 denial of a constitutional right" to warrant a certificate of appealability. *Allen v. Ornoski*, 435 F.3d
13 946, 950-951 (9th Cir.2006) . When a court dismisses claims based on procedural claims, before
14 issuing a certificate of appealability, must first "decide whether jurists of reason would find it
15 debatable whether the [motion] states a valid claim of the denial of a constitutional right. Second,
16 the court must decide whether jurists of reason would find it debatable whether the district court was
17 correct in its procedural ruling." *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir.2000).
18  Having considered the issues raised by defendant, with respect to whether they satisfy the
19 standard for issuance of a certificate of appealability, this court finds that none meet that standard.
20 Therefore, defendant's motion for certificate of appealability is denied.

21                                    CONCLUSION

22  IT IS HEREBY ORDERED ADJUDGED AND DECREED that petitioner Maurice Donnell
23 Cooper's motion to reconsider (doc. # 76) is GRANTED.
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    IT IS FURTHER ORDERED that petitioner's motion to vacate, set aside, or correct sentence
2 (doc. # 68) is hereby DENIED.
3    IT IS FURTHER ORDERED that petitioner's motion for certificate of appealability (doc.
4 # 77) is hereby DENIED.
5    DATED April 16, 2010.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**