1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8  UNITED STATES OF AMERICA,        )
                                    )        2:07-CR-0066 JCM (GWF)
9                        Plaintiff, )        Related Case 2:09-CV-1764 JCM
                                    )
10          vs.                     )
                                    )
11  MAURICE DONNELL COOPER,         )
                                    )
12                                  )
                        Defendant.  )
13  _____)

14
15                              **<u>ORDER</u>**

16          Presently before the court is petitioner Maurice Donnell Cooper's motion pursuant to 28

17  U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. (Doc. # 68).

18  **I.      Procedural Background**

19          On September 9, 2009, petitioner filed a § 2255 motion stating twenty grounds for relief.

20  (Doc. # 68).  Eighteen of the claims involved assignments of error that petitioner could have raised

21  on direct appeal. (Doc. # 68, 1-18). The nineteenth claim asserted that appellate counsel was

22  ineffective for failing to raise the first eighteen claims. (Doc. # 68, 19). The twentieth claim was for

23  ineffective assistance of appellate counsel for failure to timely inform petitioner of denial of the

24  appeal. (Doc. # 68, 19). On April 16, 2010, the court found the first eighteen claims to be

25  procedurally defaulted, and denied the two other claims on the merits. (Doc. # 79).

26          On April 23, 2010, petitioner appealed this court's denial of his § 2255 motion. (Doc. # 80).

27  On March 23, 2012, the Ninth Circuit issued an order vacating this court's order and remanding the

28

**James C. Mahan**
**U.S. District Judge**

1  case to this court. (Doc. # 93). The Ninth Circuit had previously issued a certificate of appealability

2  to determine whether this court "erred in summarily dismissing [petitioner's] 28 U.S.C. § 2255

3  motion as procedurally defaulted and on the merits without first providing [petitioner] with notice

4  of the default and an opportunity to respond and/or requiring a response from [the government]."

5  (Doc. # 93). The order on mandate has been entered on the docket. (Doc. # 96).

6       On June 27, 2012, this court ordered the government to file a response to petitioner's claims

7  within 30 days of entry of the order. Further, the court permitted petitioner 30 days from the date of

8  the government's response to file a reply. (Doc. # 97). On July 24, 2012, the government filed its

9  response (doc. # 98), and to date, petitioner has not filed a reply.[1]

10  **II.     Procedural Default**

11      The Supreme Court has applied "equitable limitations to narrow the broad sweep of federal

12  habeas jurisdiction." *Reed v. Farley*, 512 U.S. 339, 356 (1994). These limitations recognize that a

13  § 2255 motion is not a substitute for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165

14  (1982); *United States v. Dunham*, 767 F.2d 1395, 1396 (9th Cir. 1985) (stating that "[s]ection 2255

15  is not designed to provide criminal defendants repeated opportunities to overturn their convictions

16  on grounds which could have been raised on direct appeal."). Furthermore, the Ninth Circuit has held

17  that § 2255 motions should not be used to:

18           relitigate questions which were or should have been raised on a direct appeal from
             the judgment of conviction . . . . Or stated another way, grounds which were apparent
19           when appellant appealed from his conviction, cannot, thereafter, be made the basis
             for an attack on a motion to set aside judgment and sentence.
20

21  *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir.1969) (internal citations omitted).

22  The Supreme Court has stated that a petitioner moving pursuant to § 2255 "procedurally defaults his

23  claims by not raising them on direct appeal and not showing cause and prejudice or

24  actual innocence in response to the default." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *See*

25

26 _____

27       [1] The court notes that petitioner received this court's order providing petitioner an opportunity to respond. (Doc. # 97). Further, petitioner is aware of the date that the government filed its response as the government filed a certificate of service. (Doc. # 98, 6). The court has permitted a generous amount of time in addition to 30 days for petitioner to respond; however, petitioner had not done so.

28

**James C. Mahan**
**U.S. District Judge**

1  *also United States v. Ware*, 416 F.3d 1118, 1121 (9th Cir. 2005).

2      If a § 2255 motion raises issues that appear to be procedurally defaulted, the district court

3  appropriately raises procedural default but must provide petitioner adequate notice and opportunity

4  to establish cause and prejudice to overcome default. *United States v. Johnson*, 988 F.2d 941, 945

5  (9th Cir. 1993).

6      Here, petitioner's first eighteen claims could have been raised on direct appeal. Thus the

7  court determined that these claims were procedurally defaulted. (Doc. # 79). Petitioner had adequate

8  notice of this procedural default when he received this court's order denying his § 2255 motion.

9  (Doc. # 79).[2] Thereafter, petitioner was afforded an opportunity to establish cause and prejudice to

10  overcome default pursuant to this court's order. (Doc. # 97).[3] However, petitioner has not responded

11  after being given an opportunity to do so.

12      Thus, the court finds that because petitioner has not established cause and prejudice to excuse

13  his procedural default, petitioner's first eighteen claims are denied as having been procedurally

14  defaulted.

15  **III.   Certificate of Appealability**

16      The court declines to issue a certificate of appealability. Under 28 U.S.C. § 2253, if a court

17  denies petitioner's § 2255 motion, the court may only issue a certificate of appealability when a

18  petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

19  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate

20  whether (or, for that matter, agree that) the petition should have been resolved in a different manner

21  or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

22  *McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

23      The court finds that petitioner has not made the required substantial showing of the denial

24  of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists

25

26      [2] It is also clear that petitioner had notice of the basis of this court's denial as petitioner appealed this court's
27  order. (Doc. # 80).

28      [3] The court permitted petitioner 30 days to reply to the government's response. (Doc. # 97).

**James C. Mahan**
**U.S. District Judge**

1   would not find the court's determination that petitioner is not entitled to relief under § 2255

2   debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue

3   a certificate of appealability.

4   **IV.      Conclusion**

5     Based on the foregoing,

6     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner's motion

7   pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody

8   (doc. # 68) be, and hereby is, DENIED.

9     DATED November 8, 2012.

10

11

12                                                    

13                **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28