1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

UNITED STATES OF AMERICA,    )
                                    )

9
                           )
10
        Plaintiff,          )

2:07-CR-0066 JCM (GWF)
Related Case 2:09-CV-1764 JCM

11
        vs.                 )
12

MAURICE DONNELL COOPER,     )

13
                                    )

        Defendant.     )

14
                                    )

15

**ORDER**

16        Presently before the court is petitioner Maurice Donnell Cooper's motion for reconsideration

17  (doc. # 100) and his motion for appointment of counsel (doc. # 101). The court did not order the

18  government to respond to the instant motions.

19  **I.     Procedural Background**

20        On September 9, 2009, petitioner filed a § 2255 motion stating twenty grounds for relief.

21  (Doc. # 68).  Eighteen of the claims involved assignments of error that petitioner could have raised

22  on direct appeal. (Doc. # 68, 1-18). The nineteenth claim asserted that appellate counsel was

23  ineffective for failing to raise the first eighteen claims. (Doc. # 68, 19). The twentieth claim was for

24  ineffective assistance of appellate counsel for failure to timely inform petitioner of denial of the

25  appeal. (Doc. # 68, 19). On April 16, 2010, the court found the first eighteen claims to be

26  procedurally defaulted, and denied the two other claims on the merits. (Doc. # 79).

27  . . .

28

James C. Mahan
U.S. District Judge

1    On April 23, 2010, petitioner appealed this court's denial of his § 2255 motion. (Doc. # 80).

2    On March 23, 2012, the Ninth Circuit issued an order vacating this court's order and remanding the

3    case to this court. (Doc. # 93). The Ninth Circuit had previously issued a certificate of appealability

4    to determine whether this court "erred in summarily dismissing [petitioner's] 28 U.S.C. § 2255

5    motion as procedurally defaulted and on the merits without first providing [petitioner] with notice

6    of the default and an opportunity to respond and/or requiring a response from [the government]."

7    (Doc. # 93). The order on mandate has been entered on the docket. (Doc. # 96).

8    On June 27, 2012, this court ordered the government to file a response to petitioner's claims

9    within 30 days of entry of the order. Further, the court permitted petitioner 30 days from the date of

10   the government's response to file a reply. (Doc. # 97). On July 24, 2012, the government filed its

11   response (Doc. # 98). Petitioner did not file a reply.

12   On November 8, 2012, this court issued an order denying petitioner's motion to vacate under

13   § 2255 because petitioner did not establish cause and prejudice to excuse his procedural default.

14   (Doc. # 99). On December 6, 2012, petitioner filed the instant motion to reconsider (doc. # 100), and

15   motion for appointment of counsel (doc. # 101).

16   **II.    Legal Standard**

17   A basic principle of federal practice is that courts generally refuse to reopen decided matters.

18   *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D.Cal. 1996). Reconsideration is an

19   "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

20   resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion

21   "should not be granted, absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d

22   1253, 1255 (9th Cir. 1999) (per curiam), cert. denied 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d

23   441 (1989); *see Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed.Cir.2004) (reconsideration

24   motions must be supported "by a showing of extraordinary circumstances which justify relief"). "To

25   succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to

26   reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131

27   (E.D.Cal. 2001).

28

**James C. Mahan**
**U.S. District Judge**

1    When reviewing a motion to reconsider the denial of a 2255 petition, the district court should

2    consider any new evidence, change in law, clear error, or manifest injustice. *See Culler v. Board of*

3    *Prison Terms*, 405 Fed.Appx. 263, 264 ("The district court also did not abuse its discretion when

4    denying Culler's motions for reconsideration since Culler did not identify any new evidence, change

5    in law, clear error, or manifest injustice.") (discussing § 2254 habeas petitions) (unpublished); *see*

6    *also United States v. Cobar*, 2:07-CR-0014-JCM-RJJ, 2012 WL 3882200 (D. Nev. Sept. 6, 2012).

7    **III.    Discussion**

8    Petitioner has requested that the court reconsider its order dismissing his § 2255 motion.

9    Petitioner's motion for reconsideration sets forth a myriad of reasons as to why plaintiff was unable

10   to file a reply demonstrating cause and prejudice despite the court's generous allotment of time in

11   which to do so. Petitioner states that he did not file a reply because "was 'forced' to seek protection

12   within the Federal Bureau of Prisons" by checking into protective custody, and that he is "continually

13   being faced with 'life threatening' circumstances." (Doc. # 100).

14   As an initial matter, the court notes that it is appropriate to deny petitioner's motion to

15   reconsider as he did not identify any new evidence, change in law, clear error, or manifest injustice.

16   *See Culler*, 405 Fed.Appx. at 264. The circumstances alleged in petitioner's motion are not grounds

17   that warrant reconsideration but instead appear to be dissatisfaction with the Bureau of Prisons which

18   should be pursued in a forum other than his motion for reconsideration.

19   Further, even if the alleged circumstances are true, petitioner has failed to establish cause and

20   prejudice as was required to counter this court's dismissal of his § 2255 motion. Petitioner has failed

21   to show why these alleged circumstances affected his ability to submit a reply. Petitioner has stated

22   only that a "timely reply to the governments [*sic*] response is 'minoot' [*sic*] when dealing with

23   'exigent' and possibly life threatening circumstances, in addition to the fact that 'the governments

24   [*sic*] response' is 'moot' and not worthy of petitioners [*sic*] reply." (Doc. # 100, 6).

25   The court gave petitioner ample time to submit a reply. The court ordered petitioner to file

26   a reply within 30 days of the government's response, but allowed over 90 days before entering its

27   order to dismiss petitioner's § 2255 motion. (Doc. # 99). Therefore, because petitioner failed to

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  provide cause and prejudice, even in the instant motion, and because petitioner has failed to show

2  why the court should reconsider its order dismissing petitioner's § 2255 motion, the court denies the

3  instant motion.

4  **IV.     Conclusion**

5          Accordingly,

6          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner's motion for

7  reconsideration (doc. # 100) be, and the same hereby is, DENIED.

8          Provided that the motion to reconsider has been denied and there is no need for counsel in

9  this closed case, IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel

10  (doc. # 101) be, and the same hereby is, DENIED as moot.

11          DATED May 6, 2013.

12

13

14  _____

15  **UNITED STATES DISTRICT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 4 -