UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

MAURICE DONNELL COOPER,

Defendant(s).

Case No. 2:07-CR-66 JCM (GWF)

ORDER

Presently before the court is *pro se* defendant Maurice Cooper's motion for appointment of counsel. (ECF No. 121).

Also before the court is Cooper's "request to take judicial notice of statement." (ECF No. 120).

**I.  Background**

On June 6, 2007, Cooper was convicted of three counts of bank robbery and one count of attempted bank robbery. (ECF Nos. 1, 25). On September 28, 2007, he was sentenced to 140 months custody to be followed by 36 months of supervised release per count, to run concurrently. (ECF Nos. 35, 39). Restitution in the amount of $3,505.00 and a mandatory assessment of $400.00 were also imposed. (ECF Nos. 35, 39).

Cooper now requests that the court appoint him counsel (ECF No. 121) and take judicial notice of several "statements of facts" included in his request for judicial notice (ECF No. 120).

**II.  Legal Standard**

Ordinarily, "[t]he failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion." LCR 47-3. However, "the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater

James C. Mahan
U.S. District Judge

latitude as a matter of judicial discretion." *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998). On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

**III.    Discussion**

In his motion for appointment of counsel, Cooper argues that the probation office has "failed to keep appropriate records" regarding his supervised release, such that appointment of counsel is appropriate based on the "complexities of the case." (ECF No. 121). In addition, he argues that the denial of appointed counsel "would amount to a denial of due process." *Id*.

In his "request to take judicial notice of statement," Cooper details several past interactions with the probation office. (ECF No. 120). Of relevance to his request for judicial notice, he contends that his probation officer, Brianna King, presented him with a packet titled "Declaration of Defendant or Offender Net Worth & Cash Flow Statements," which he was ordered to complete and return to King by November 18, 2019. *Id*. Cooper contends that he could not complete the packet by November 18 because "amendments were made to 18 U.S.C. [§§] 3663(A)(1)(B)(i), 3664(d)(3) and 3664(F)(2), and Rule 32(b)(4)(F)," and he needed time to review said amendments. *Id*. He requests that the court take judicial notice of this contention. *Id*.

In construing Cooper's motion for appointment of counsel and request for judicial notice liberally, the court finds that both should be denied. The court cannot create grounds for appointment from whole cloth and it cannot take judicial notice of "facts" that are subject to reasonable dispute and not generally known within the court's jurisdiction. *See* FED. R. EVID. 201(b).

The court is unable to determine what, if any, relief Cooper is requesting or otherwise intends to request. Cooper does not cite any authority indicating that he has a right to counsel for the type of motion he has filed or for the relief he is attempting to request. Further, he has provided no argument for why his inability to complete the packet in a timely manner should be judicially noticed. Accordingly, the court denies Cooper's motion for appointment of counsel and "request to take judicial notice of statement."

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Cooper's motion for appointment of counsel (ECF No. 121) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Cooper's "request to take judicial notice of statement" (ECF No. 120) be, and the same hereby is, DENIED.

DATED December 5, 2019.

_____
UNITED STATES DISTRICT JUDGE