UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:07-CR-66 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MAURICE DONNELL COOPER, | |
| Defendant(s). | |

Presently before the court is the matter of *United States v. Cooper*, case number 2:07-cr-00066-JCM-GWF.

On January 23, 2020, defendant Maurice Cooper filed a motion to disclose supervision records of the United States Probation Office and testimony of former probation officer Jason Flores. (ECF No. 142). The government filed a response (ECF No. 143), to which Cooper replied (ECF No. 144).

Cooper commenced a thirty-six (36) month term of supervised release on June 13, 2017. (ECF No. 123). On December 5, 2019, probation filed a petition to revoke Cooper's supervised release. *Id*. In pertinent part, probation alleges that from "May 18, 2019, to May 21, 2019, Cooper traveled from Las Vegas, Nevada, to Ohio [*sic*] Akron/Canton, Ohio, and back without prior approval from the United States Probation Officer or the Court." *Id*.

Cooper's motion makes two separate requests. First, Cooper requests that the court order disclosure of his supervision records relating to his "request to travel to Ohio from both the U.S. Attorney's Office and the U.S. Probation Office." (ECF No. 142). Second, Cooper requests that the court permit the testimony of former probation officer Jason Flores—who supervised Cooper at the time of his alleged travel—at his revocation hearing. *Id*.

In its response, the government indicates that it does not have custody or control of the records Cooper seeks and accordingly takes no position on the motion. (ECF No. 143). The government also requests that probation be permitted to respond to Cooper's motion. *Id*.

Cooper's motion is an application to the court under Local Criminal Rule 32-2, which governs the disclosure of presentence investigation reports, supervision records for purposes other than sentencing, and probation officer testimony. The local rule provides, in relevant part:

> (c) Application for Disclosure of Presentence Investigation Reports or Supervision Records for Purposes Other than Sentencing.
>
> > (1) The presentence investigation report, supporting documents, and supervision records may be disclosed for purposes other than sentencing of the defendant only upon written application accompanied by an affidavit describing the records sought, explaining their relevance to the proceedings, and stating the reasons the information contained in the records is not readily available from other sources or by other means. If the request does not comply with this rule, the determining official may deny the request or request additional information.
> >
> > (2) The written application must be provided to the determining official at least 14 days before the production of records is required. Failure to meet this deadline constitutes a sufficient basis for denial of the request.
> >
> > (3) The determining official may waive the 14-day requirement upon a showing of a good-faith attempt to comply with this rule.
>
> (d) Testimony of a Probation Officer. A request for testimony of a probation officer must satisfy subsection (c) of this rule.

LCR 32-2(c)-(d).

In the affidavit accompanying the instant motion, Cooper's counsel Kathryn Newman explains that Cooper is alleging he that received permission from Flores to travel to Ohio. (ECF No. 142). Newman states that Cooper's supervision records, as well as the testimony of Flores, are needed to prove this allegation. *Id*. Newman further states that she has requested Cooper's supervision records from probation without response, and that Flores has been subpoenaed to testified at the revocation hearing. *Id*.

Good cause appearing, the court will grant Cooper's motion and order the United States Probation Office to disclose, to Cooper's counsel Kathryn Newman, any supervision records relating to Cooper's May 2019 travel to Ohio. The court will also permit the testimony of former probation officer Jason Flores at the revocation hearing.

James C. Mahan
U.S. District Judge

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Cooper's motion to disclose supervision records of the United States Probation Office and testimony of former probation officer Jason Flores (ECF No. 142) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED February 24, 2020.

_____
UNITED STATES DISTRICT JUDGE