UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:07-CR-66 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MAURICE DONNELL COOPER, | |
| Defendant(s). | |

Presently before the court is the matter of *United States v. Cooper*, case number 2:07-cr-00066-JCM-GWF.

On March 10, 2020, defendant Maurice Cooper filed a motion to disclose supervision records of the United States Probation Office and testimony of former probation officer Eric Christiansen. (ECF No. 150). The government filed a response (ECF No. 151), to which Cooper replied (ECF No. 153).

Cooper commenced a thirty-six (36) month term of supervised release on June 13, 2017. (ECF No. 123). On December 5, 2019, probation filed a petition to revoke Cooper's supervised release. *Id*. As relevant to this motion, probation alleges that Cooper provided bank statements from America First Credit Union and First Premiere Bank that indicated Cooper had opened lines of credit in violation of his "debt obligations" condition of supervision. *Id*.

Cooper's motion makes two separate requests. First, Cooper requests that the court order disclosure of his supervision records relating to his open lines of credit and, more specifically, whether he received permission to open them before doing so. (ECF No. 150). Second, Cooper requests that the court permit the testimony of former probation officer Christiansen—who purportedly authorized Cooper to open the credit lines—at his revocation hearing. *Id*.

**James C. Mahan**
**U.S. District Judge**

In its response, the government indicates that it does not have custody or control of the records Cooper seeks and accordingly takes no position on the motion. (ECF No. 151). The government also requests that probation be permitted to respond to Cooper's motion. *Id*.

Cooper's motion is an application to the court under Local Criminal Rule 32-2, which governs the disclosure of presentence investigation reports, supervision records for purposes other than sentencing, and probation officer testimony. The local rule provides, in relevant part:

> (c) Application for Disclosure of Presentence Investigation Reports or Supervision Records for Purposes Other than Sentencing.
>
> (1) The presentence investigation report, supporting documents, and supervision records may be disclosed for purposes other than sentencing of the defendant only upon written application accompanied by an affidavit describing the records sought, explaining their relevance to the proceedings, and stating the reasons the information contained in the records is not readily available from other sources or by other means. If the request does not comply with this rule, the determining official may deny the request or request additional information.
>
> (2) The written application must be provided to the determining official at least 14 days before the production of records is required. Failure to meet this deadline constitutes a sufficient basis for denial of the request.
>
> (3) The determining official may waive the 14-day requirement upon a showing of a good-faith attempt to comply with this rule.
>
> (d) Testimony of a Probation Officer. A request for testimony of a probation officer must satisfy subsection (c) of this rule.

LCR 32-2(c)-(d).

In the affidavit accompanying the instant motion, Cooper's counsel Kathryn Newman explains that Cooper is alleging he that received permission to open the credit lines. (ECF No. 150). Newman states that Cooper's supervision records, as well as the testimony of Christiansen, are needed to prove this allegation. *Id*. The government represents that, "[o]n March 9, 2020, the Probation Department indicated it would need a court order to release any further records than those already ordered." (ECF No. 151 at 3).

Good cause appearing, the court will grant Cooper's motion and order the United States Probation Office to disclose, to Cooper's counsel Kathryn Newman, any supervision records relating to Cooper's open lines of credit. The court will also permit the testimony of former probation officer Eric Christiansen at the revocation hearing.

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Cooper's motion to disclose supervision records of the United States Probation Office and testimony of former probation officer Eric Christiansen (ECF No. 150) be, and the same hereby is, GRANTED.

DATED May 20, 2020.

_____
UNITED STATES DISTRICT JUDGE